UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
UNITED STATES OF AMERICA,

          -v.-

CHARLES MANLEY,

          Defendant.
-----------------------------------------------------X

07 CR 1049-01 (BSJ)

## CHARLES MANLEY'S SENTENCING SUBMISSION

JAMES ROTH, ESQ. (0811)
HURWITZ STAMPUR & ROTH
299 Broadway, Suite 800
New York, NY 10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                           **07 CR 1049-01 (BSJ)**

-v.-

CHARLES MANLEY,

                Defendant.
------------------------------------------------------X

## CHARLES MANLEY'S SENTENCING SUBMISSION

Charles Manley respectfully makes the following submission in relation to his sentencing on May 16, 2008. As set forth below, the defendant respectfully submits that under the advisory sentencing guidelines, the applicable adjusted offense level is 21 and Mr. Manley's Criminal History Category is VI, resulting in a guidelines range of 77-96 months' imprisonment. It is respectfully submitted that when considered in conjunction with the factors set forth at 18 U.S.C. § 3553(a), a reasonable and appropriate sentence for Mr. Manley is a sentence of five years' imprisonment.

### Procedural History

Mr. Manley appears before Your Honor pursuant to his plea of guilty on February 14, 2008 to a violation of 18 U.S.C. 922(g)(1), felon in possession of a firearm. The plea was entered pursuant to a Pimentel letter.

### Pimentel Letter

The Pimentel letter sets forth the guidelines the Government believes is applicable to this case.

- Pursuant to §2K2.1(a)(2), the base offense level is 24, because the defendant committed the instant offense subsequent to sustaining two felony convictions of either a crime of violence or a controlled substance.

Honorable Barbara S. Jones
May 7, 2008
Page 3 of 7

- Based on the defendant's statement and timely plea allocation a three-level reduction is warranted for acceptance of responsibility, pursuant to §3E1.1(a) and §3E1.1(b).
- In accordance with the above, the applicable Guidelines offense level is 21.
- The defendant has 13 criminal history points. Thus, he has a Criminal History Category of VI.
- Based upon the calculations set forth above, the applicable Sentencing Guidelines range is 77 to 96 months' imprisonment, and a fine range of $7,500 to $75,000.00.

The Presentence Report (the "PSR") adopted the Government's analysis in its entirety and recommends 77 months' imprisonment.

### Defendant's Objections to the PSR

Defendant has communicated any objections to the PSR under separate cover.

### KIMBOROUGH/GALL

A pair of recent decisions clarifies that the Supreme Court meant what it said in *United States v. Booker*, 125 S.Ct. 738 (2005). In *Kimborough v United States*, 128 S.Ct. 558 (2007) and *United States v Gall*, 128 S.Ct. 586 (2007), the Court held that a sentence outside the Guidelines is not per se invalid, but rather the Court applies a reasonableness standard. In *Gall*, the Supreme Court held that a Court of Appeals may not require sentences that deviate substantially from the Guidelines range to be justified by "extraordinary circumstances." 128 S.Ct. 586. The Guidelines are but one of the §3553 factors to be considered and do not carry any special weight. "The Guidelines should be the starting point and the initial benchmark." Id. A judge must make an individualized assessment considering all the statutory factors.

### Consideration of Sentencing Factors

In determining a reasonable sentence, the sentencing judge is required to consider the factors set forth at 18 U.S.C. § 3553(a). These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect

Honorable Barbara S. Jones
May 7, 2008
Page 4 of 7

the seriousness of the offense, to promote respect for the law, and to provide just punishment; the need for deterrence and to protect the public from further crimes of the defendant; and the need to avoid unwarranted sentence disparities among similarly situated defendants. 18 U.S.C. § 3553(a). Considering the § 3553(a) factors, a sentence below the advisory guidelines range is reasonable and appropriate.

     1.    *Nature and Circumstances of the Offense, and History and Characteristics of the Defendant.*

Under Section 3553(a)(1), the sentencing court must first consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Section 3553(a)(2)(A) sets forth a related proposition that the sentence should "reflect the seriousness of the offense, [] promote respect for the law, and [] provide just punishment for the offense.

Mr. Manley is a 28 year old Bronx native. He was raised by his paternal grandmother since the age of 3. His father passed away when he was 8 and his mother was a drug addict. See, PSR ¶¶'s 60-64.

Reared in a drug-infested neighborhood, he was introduced to drugs at an early age. Mr. Manley began abusing drugs since the age of 15. He has smoked marijuana daily, hence the nickname "Smokey." See, PSR ¶ 72.

Mr. Manley recognizes that he is a poly-substance abuser and requires treatment to address the illness. An effort at out-patient treatment was aborted by an intervening arrest. See, PSR ¶ 73. Mr. Manley requests that Your Honor recommend that he be afforded the opportunity to participate in the 500 hour drug program offered by the Bureau of Prisons. He is not proud of his criminal record that includes multiple drug offenses for marijuana, street level sales of $10 or $20 worth of narcotics, and an attempted robbery twenty years ago.

Despite his criminal record, Mr. Manley has demonstrated an ability to obtain employment at a variety of positions including demolition, dishwasher, cashier, and telemarketer. He has maintained jobs for periods of 6-12 months before being terminated due to incarceration.

Honorable Barbara S. Jones
May 7, 2008
Page 5 of 7

Consistent with Mr. Manley's post-arrest statement, he maintains that he found the subject gun. Upon further inquiry he informs counsel that he witnessed a person "stash" the gun in the hallway of the apartment building of his child's mother as he was entering the building. He retrieved the weapon with the intention of securing the weapon in his apartment to use only if required for defense of his person, in the event that his apartment was burglarized or its occupants robbed. Mr. Manley's apartment complex is in a high-crime area.

Unfortunately, Mr. Manley was struggling economically and found it difficult to provide for his family. It was not his intention to sell the gun when he took possession of it. He was not on the street actively offering the gun for sale. Indeed, it was only because the confidential informant ("C.I.") entreated him to sell the gun that he did so. The C.I. is married to Mr. Manley's child's mother's sister. He has known him for some time. He was in the apartment when he discussed with Mr. Manley the purchase of the weapon and Mr. Manley agreed to have him arrange to sell it to someone in return for a commission. The C.I. in turn arranged for the sale to the undercover police officer.

It is clear from a review of the recorded conversations of Mr. Manley with the C.I., that despite repeated entreaties by the C.I. to purchase additional weapons from Mr. Manley, Mr. Manley did not have access to any other weapons. He clearly was not in the business of selling or procuring firearms.

2. *Need to Protect the Public from Further Crimes of the Defendant and Afford Adequate Deterrence.*

Section 3553(a)(2) also emphasizes that the Court consider the need to "protect the public from further crimes of the defendant" and "afford adequate deterrence to criminal conduct." Both of these principles have application here and both would be satisfied by a non-guidelines sentence slightly below the advisory guidelines.

A term of 5 years imprisonment would represent the lengthiest determinate sentence the defendant has received. Moreover, the defendant will be in his 30s upon his release, a statistical age period of reduced criminal activity.

Mr. Manley has strong motivation to break his cycle of recidivism and make this his last offense. He is engaged to be married to Tasia Godley and has two young children, Isaiah Casperson, age 7, and Charles Jamil Manley, age 2.

Honorable Barbara S. Jones
May 7, 2008
Page 6 of 7

Mr. Manley has expressed his acceptance of responsibility; and his remorse and contrition for committing the instant offense. See, PSR ¶ 18.

Mr. Manley has taken the GED exam while in custody on this instant. Although he failed by a small margin, he is committed to retaking the exam during his incarceration. Mr. Manley recognizes that obtaining a GED will increase his employability.

3. *Need to Avoid Unwarranted Sentence Disparities.*

Additional relevant factors in Section 3553(a) include "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

Mr. Manley, had he been prosecuted by the state and not the federal government, would have a sentence exposure roughly equivalent of 5 years or less the requested sentence.

## CONCLUSION

For the foregoing reasons, the defendant respectfully submits that the Court should impose a sentence of five years' incarceration and no fine, due to Mr. Manley's inability to pay a fine.

Dated: New York, New York
       May 7, 2008

Respectfully submitted,

HURWITZ STAMPUR & ROTH (0811)
By:    JAMES ROTH, ESQ.
299 Broadway, Suite 800
New York, NY 10007

Honorable Barbara S. Jones
May 7, 2008
Page 7 of 7

    Attachs.

    cc.    AUSA Kenneth Polite (By ECF)
           USPO Symla Jones (By Fax)

    JR:jpy